## APPEAL OF HENRY HART.

Docket No. 9954. Submitted April 12, 1926. Decided June 28, 1926.

*George M. Powell, C. P. A.*, for the petitioner.
*D. D. Shepard, Esq.*, for the Commissioner.

Before PHILLIPS.

The taxpayer appeals from the determination of a deficiency of $173.78, income tax for 1922. The appeal was submitted on the pleadings, consisting of the taxpayer's petition and the Commissioner's answer.

FINDINGS OF FACT.

The taxpayer filed an income-tax return for the calendar year 1921 in which he reported certain amounts received as rents and claimed as a deduction therefrom amounts as follows:

| | |
|---|---:|
| Repairs to rental buildings | $166.77 |
| Taxes on rental property | 978.15 |
| Insurance on rental property | 81.64 |
| Total | 1,226.56 |

Upon that return the taxpayer also claimed as a deduction an item of $430.96, alleged to represent taxes paid.

To his income-tax return for 1922 the taxpayer attached a statement purporting to explain a net loss for 1921, claimed by him in computing net income for the year 1921, and claimed a deduction of $2,543.91. In determining the deficiency the Commissioner reduced the net loss claimed as a deduction in computing the taxpayer's net income for the year 1922 from $2,543.91 to $886.19.

OPINION.

PHILLIPS: The appeal is submitted to us by stipulation of the parties upon the pleadings, consisting of the petition and the answer. Every fact pleaded in the petition that is not denied in the answer is set forth in our findings.

The taxpayer seeks to deduct in 1922 an alleged net loss for 1921 of $2,543.91 which the Commissioner has reduced to $886.19. The facts admitted are wholly inadequate to permit us to determine whether any net loss was sustained in 1921 and, if so, what the amount was. The mere fact that the taxpayer claims to have made certain payments in 1921 and that he deducted such alleged payments on his 1921 return does not constitute any proof that such payments were made for the purposes claimed. The Board is

charged with the duty of making findings of fact, and in the absence of any proof its findings must be confined to those facts which are pleaded in the petition and not denied by the answer, or which are admitted by stipulation.

Even though the answer could be construed as admitting that payments were made in 1921 for the purposes claimed, there would still be no proof before us from which we could determine the amount of any loss which might have been sustained in 1921. It does not appear from any admission that the reduction in net loss made by the Commissioner was due to his refusal to allow the alleged payments as deductions. There is attached to the petition what is alleged to be the statement of the Commissioner computing the deficiency, which indicates that the adjustment is due to the disallowance of these items as deductions in computing the 1921 net loss. This allegation is not admitted but is denied.

In a case where the taxpayer claims that he is entitled to certain deductions, one of the vital elements of his pleading and of his proof is to show that the deductions have not already been allowed. In the instance before us the pleading may be sufficient, but the denial of the Commissioner would make necessary proof of the fact, which is lacking. The determination of the Commissioner must be approved for want of proof.

> *The deficiency is $173.78. Order will be entered accordingly.*